UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SETH J. BLEWITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-cr-00114-JAW |
| | ) | 1:22-cv-00241-JAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 85.) Petitioner relies on three recent Supreme Court decisions, *United States v. Davis*, 139 S. Ct. 2319 (2019), *Borden v. United States*, 141 S. Ct. 1817 (2021), and *United States v. Taylor*, 142 S. Ct. 2015 (2022). (*Id.*) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired and because the recent cases do not support his claims. (Response, ECF No. 90.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2017, Bangor police officers responded to reports that a bank had been robbed. (Revised Prosecution Version at 1, ECF No. 62.) The male suspect was wearing a winter hat and sunglasses. (*Id.*) The man approached a teller and said, "I'm actually robbing you. I want all of your money, no dye packs or GPS trackers." (*Id.*) The next

day, a man with a similar description robbed a nearby Dollar Tree store with a sawed-off shotgun. (*Id.* at 2.) Petitioner was later arrested, and, in August 2017, a grand jury indicted him for: (1) robbing a bank in violation of 18 U.S.C. § 2113(a); (2) interfering with commerce by robbery in violation of 18 U.S.C. § 1951, also known as Hobbs Act robbery; and (3) carrying, using, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(c)(l)(A)(ii). (Indictment, ECF No. 28.)

Petitioner pled guilty to all three charges in November 2017. (Change of Plea Hearing, ECF No. 59.) In April 2018, the Court sentenced Petitioner to twenty-four months on counts one and two to be served concurrently; the Court also sentenced Petitioner to eighty-four months on count three to be served consecutively to the twenty-four month sentence. (Judgment, ECF No. 69.) Petitioner appealed from the sentence. In April 2019, the First Circuit affirmed. *United States v. Blewitt*, 920 F.3d 118 (1st Cir. 2019).

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing. Petitioner also does not allege newly discovered facts in support of his section 2255 claims. Because paragraphs (2) and (4) do not apply, unless Petitioner's claim is based on a new retroactively applicable right, the one-year limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction in November 2017, and the First Circuit affirmed the judgment on April 5, 2019. (Judgment, ECF No. 69; *Blewitt*, 920 F.3d at 120.) Petitioner then had ninety days to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13. Petitioner's judgment became final following the expiration of the ninety-day period on July 5, 2019. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). The limitations period for filing a section 2255 motion to challenge the judgment expired one year later, on July 5, 2020. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary

date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Because Petitioner did not file his motion until August 1, 2022, and because he has not established any basis to toll the statute of limitations,[1] unless Petitioner can demonstrate that his claim is based on a right newly recognized by the Supreme Court, Petitioner would have filed his motion more than two years after the limitations period expired.

The criminal statute supporting the third count of Petitioner's conviction provides in relevant part:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A)(ii). Petitioner contends that his eighty-four-month sentence on count three is unlawful because the underlying crime, the Hobbs Act robbery in count two, no longer qualifies as a "crime of violence."

Section 924(c) defines the term "crime of violence" using two clauses, the "elements" clause (also called the "force" clause) and the "residual" clause. *See United States v. Cruz-Rivera*, 904 F.3d 63, 65 (1st Cir. 2018). The elements or force clause

---

[1] "[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances warranting equitable tolling.

includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause includes any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). The words "physical force" in this context means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*) (emphasis in original).

In a series of cases beginning in 2015, the Supreme Court found several similar statutory provisions to the residual clause of § 924(c)(3)(B) to be unconstitutionally vague, *see Johnson v. United States*, 576 U.S. 591 (2015) (*Johnson II*); *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), and in June 2019, the Supreme Court found § 924(c)(3)(B) to be unconstitutional. *United States v. Davis*, 139 S. Ct. 2319 (2019). The question is whether Petitioner's predicate offense under § 1951, Hobbs Act robbery, satisfies the elements or force clause definition.[2]

Many courts, including the First Circuit, have consistently held that a completed Hobbs Act robbery meets the definition of a crime of violence under the elements or force

---

[2] When analyzing whether a predicate offense is within a penalty-enhancing term like "crime of violence," courts use a categorical or modified categorical approach. *United States v. Mohamed*, 920 F.3d 94, 101 (1st Cir. 2019) (citing *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016); *Taylor v. United States*, 495 U.S. 575, 588 (1990)). "In short, [courts] look to the statutory definition of the offense in question, as opposed to the particular facts underlying the conviction." *United States v. Davila-Felix*, 667 F.3d 47, 56 (1st Cir. 2011) (internal quotations omitted). A statute of conviction can only serve as a predicate offense "if the statute's elements are the same as, or narrower than" the federal elements of the enhancement. *See Descamps v. United States*, 570 U.S. 254, 257 (2013).

5

clause. *United States v. Torres-Correa*, 23 F.4th 129, 133 (1st Cir. 2022); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018). Petitioner argues, however, that a recent Supreme Court case, *United States v. Taylor*, 142 S. Ct. 2015 (2022), undermines that conclusion.[3] In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery does not meet the force or elements clause definition of a crime of violence. *Id.* at 2020 (noting that an attempted robbery requires only "an intention" to use force and a "substantial step" toward the crime, but a substantial step "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property").

While *Taylor* might constitute a new retroactively applicable rule that would generate a new limitations period under § 2255(f)(3) for an attempted Hobbs Act robbery, *see United States v. Quirk*, No. 05-CR-10183-MLW, 2023 WL 1421585, at *3 (D. Mass. Jan. 31, 2023), because Petitioner was convicted of a completed Hobbs Act robbery and not an attempted Hobbs Act robbery, *Taylor* does not undermine the validity of Petitioner's sentence. The Supreme Court in *Taylor* explicitly noted that its holding applied only to attempted robberies and did not address completed robberies. *See id.* ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause") (emphasis in original). Other courts have rejected attempts to extend the reasoning in *Taylor* to completed offenses. *See e.g.*, *United States v. Baker*,

---

[3] Petitioner also cites *Davis*, but because that case was decided more than three years before the § 2255 motion was filed, *Davis* does not provide a basis independent of *Taylor* for a different statute of limitations determination.

No. 20-3062, 2022 WL 3371011, at *9 (10th Cir. Aug. 16, 2022) ("*Taylor* left no room for reasonable debate that the crime-of-violence status of the *completed* offense of Hobbs Act robbery was not of analytical concern there"); *United States v. Seams*, No. CR 14-049 WES, 2022 WL 3226204, at *1 (D.R.I. Aug. 10, 2022).

Because *Taylor* does not apply where a defendant was convicted of a completed robbery, Petitioner's motion does not invoke a newly recognized right, § 2255(f)(3) does not apply, and the motion would fail on the merits even if it were filed timely. Accordingly, dismissal is warranted.[4]

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

---

[4] Petitioner also cites *Borden v. United States*, 141 S. Ct. 1817 (2021), but that case—decided on June 10, 2021—does not alter the analysis of the § 2255 motion. The *Borden* Court held that crimes capable of commission with a mental state of recklessness do not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Id.* at 1821–22. The case addressed a different phrase within a different enhancement, and although the definitions of the two phrases "crime of violence" and "violent felony" are similar, they are not identical. More importantly, however, even if the logic of *Borden* were to apply directly to § 924(c), Petitioner has not shown that Hobbs Act robbery can be satisfied with a mens rea of mere recklessness. *See Wilson v. United States*, No. 8:18-CR-474-VMC-TGW, 2022 WL 17960633, at *3 (M.D. Fla. Dec. 27, 2022) ("this argument fails because the minimum mens rea for Hobbs Act robbery is knowledge — not recklessness"). Finally, even if *Borden* did apply to Petitioner's conviction, it would not remove the statute of limitations impediment because Petitioner filed the § 2255 motion more than one year after the case was decided.

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of May, 2023.